UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
11/06/2025

| | |
|---|---|
| In re: | |
| **Shantel R. Daudelin,** | Case # 24-10109 |
| Debtor. | Chapter 7 |
| | |
| **Shantel R. Daudelin,** | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-01005 |
| **Vermont Student Assistance Corp., and Massachusetts Educational Financing Authority** | |
| Defendants. | |

### MEMORANDUM OF DECISION DENYING VSAC'S APPLICATION REQUESTING FEES AND COSTS

Defendant, Vermont Student Assistance Corporation (VSAC), moves for fees and costs incurred in connection with the defense of this adversary proceeding.[1] VSAC grounds its request on a series of Vermont Advantage Student Loan Credit Agreements between Debtor and VSAC.[2]

### Background

Shantel Daudelin (Debtor) commenced her chapter 7 bankruptcy case on June 5, 2024.[3] On August 16, 2024, Debtor filed the above-referenced adversary proceeding against Massachusetts Educational Financing Authority (MEFA) and VSAC (collectively, Lenders) claiming her student

---

[1] *See* Application Requesting Fees and Costs [ECF 41]. Unless otherwise indicated, all citations to the record are to the Adversary Proceeding.

[2] *See* ECF 41-1. The Credit Agreements govern multiple school years. Any reference to the student loan governs both years and the amount owed as a whole.

[3] *See In re Daudelin,* Docket No. 24-10109 (Main Case) ECF 1.

1

loans constitute an undue hardship and should be discharged pursuant to § 523(a)(8).[4]

The Lenders answered Debtor's Complaint in due course[5] and discovery followed.[6] Upon conclusion of discovery, each of the Lenders moved for summary judgment.[7] In response, Debtor filed a Motion to Dismiss the adversary proceeding, indicating settlement discussions had "broken down."[8] Each of the Lenders opposed the Motion to Dismiss[9] and VSAC requested legal fees and costs.[10] After the Court denied Debtor's Motion to Dismiss,[11] Debtor responded to the motions for summary judgment, explaining Debtor had no objection to the Lenders' motions although Debtor objected to VSAC's request for fees, noting that VSAC did not request attorney fees and costs in conjunction with its motion for summary judgment but rather in its opposition to the motion to dismiss.[12] Debtor requested an in person hearing to "demonstrate good faith and motivation behind this action."[13]

The Court granted summary judgment for each of the Lenders[14] and entered a separate order directing the Lenders to file a separate request for attorney fees and costs to the extent either

---

[4] ECF 1. All statutory references are to title 11 of the United States Code ("the Bankruptcy Code") unless otherwise indicated.

[5] ECF 5 and 6.

[6] ECF 8-17.

[7] *See* Massachusetts Educational Financing Authority's Motion for Summary Judgment [ECF 20] and Motion for Summary Judgment filed on behalf of VSAC [ECF 22].

[8] *See* Motion to Dismiss Party [MEFA] [ECF 24] and Motion to Dismiss Adversary Proceeding [ECF 27]. Before filing the Motion to Dismiss Adversary Proceeding, Debtor filed a Notice of Settlement between Debtor and VSAC [ECF 25].

[9] ECF 28 and 30.

[10] *See* Vermont Student Assistance Corporation's Opposition to Plaintiff's Second Motion to Dismiss [ECF 30].

[11] ECF 31.

[12] ECF 32.

[13] *Id.* Ostensibly, Debtor interpreted the request for fees and costs to be in conjunction with her Motions to Dismiss.

[14] ECF 35 and 36.

continued to seek recovery.[15] VSAC filed an Application Requesting Fees and Costs (Application);[16] MEFA did not.

VSAC's Application is premised solely on the terms of the Vermont Advantage Student Loan Credit Agreements (Credit Agreements) between VSAC and Debtor.[17] The relevant portions of the Credit Agreements provide as follows:

> **I. Default:** I understand and agree that if one or any combination of the following occurs, ***at your option*** this Loan will be in default and you will have the right to notify me that the whole outstanding principal balance, accrued interest, and all other amounts due to you hereunder are due and payable at once:
> 1. I fail to make any payment to you when due;
> 2. I fail to notify you of a change in my name, address, or school enrollment status within ten days after a change occurs;
> 3. I fail to enroll at least half time at the School which certified my Loan for the Loan period certified;
> 4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors;
> 5. I make any false statement to VSAC in applying for this Loan or at any time thereafter;
> 6. I break any promise I have made to you in this Agreement or in any other agreement with you;
> 7. I am no longer eligible for this Loan in any respect; or
> 8. The Cosigner declines to cosign this Loan.
>
>     If I default this will be reported to national credit bureau organizations and may significantly and adversely affect my credit history. This may adversely affect my ability to obtain credit in the future. If I default or am delinquent on payments owed for this Loan, I understand that VSAC has the authority to take and offset my VT State Income tax refund.
>
> **J. Collection Costs:** If I default on this Loan, I will pay reasonable collection fees and costs, court costs and attorney fees, plus any applicable collection commission paid by you to a third-party collection agent.[18]

---

[15] ECF 37.

[16] ECF 41.

[17] ECF 41.

[18] ECF 41-1 [Emphasis added].

3

The Credit Agreements provide that failure to enforce or insist upon any term in the Credit Agreements shall not constitute a waiver and that no provision may be modified or waived unless agreed to in a writing signed by both parties.[19]

In its Application, VSAC argues that under Subsection (I)(4) an event of default occurred when Debtor commenced her chapter 7 bankruptcy case such that the default remedies in Section J, attorney fees and costs, are recoverable under the Credit Agreements. VSAC's position rests solely on Debtor's bankruptcy filing; VSAC argues Debtor's filing automatically placed her student loan in default, as a necessary consequence of an event of default.

Debtor opposes the Application.[20] Debtor does not dispute she filed for bankruptcy and because she filed for bankruptcy VSAC has the option to declare a student loan default under the Credit Agreements. However, Debtor disputes VSAC has exercised the option to declare default status under the Credit Agreements such that the default remedies VSAC seeks have never been triggered. Debtor argues VSAC must affirmatively exercise its option before default remedies can be recovered.

On September 30, 2025, the Court held a hearing on the Application and Debtor's Opposition. Counsel for each party was present and the Court took the matter under advisement after Debtor's supplemental filing in support of her opposition.

## **Jurisdiction**

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court declares this contested matter to be a core proceeding according to 28 U.S.C.

---

[19] ECF 41-1 at Subsection (L)(6).
[20] ECF 40 and 45.

§ 157 (b)(2)(B), over which this Court has constitutional authority to enter a final judgment.

## Discussion

Bankruptcy law takes parties' property rights as it finds them.[21] The fact that parties find themselves wound up in a bankruptcy case should not work to alter the law that would otherwise govern their rights.[22] VSAC solely relies upon the terms of the Credit Agreements to support its request for reimbursement of attorney fees and costs.[23] Vermont law governs the Credit Agreements.[24] Under Vermont law, parties are normally responsible for their own attorney fees unless there is a statute or agreement that provides otherwise.[25] This Court must apply Vermont state law to interpret the Credit Agreements and determine whether VSAC is entitled to its fees and costs.[26]

Vermont courts interpret contracts according to the intent of the parties as expressed in the writing.[27] To do this, courts look to the plain meaning of individual terms, and consider those terms within the context of the agreement in its entirety.[28] If the plain language of the contract is clear, courts "take the words to represent the parties' intent, and the plain meaning of the language governs [the] interpretation of the contract."[29] If the language is unambiguous, the court must

---

[21] *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1970); *Mission Prod. Holdings, Inc. v. Tempnology, LLC,* 587 U.S. 370, 381, 139 S.Ct. 1652, 203 L.Ed.2d 876 (2019).

[22] *Butner,* 440 U.S. at 55.

[23] Because the request for fees and costs originated in VSAC's Opposition to Debtor's Motion to Dismiss, the Court pointedly asked VSAC's counsel the grounds for its request. VSAC denied seeking fees under Federal Rules of Bankruptcy Procedure 9011(c) as a sanction or 7054(b)(2) as the prevailing party.

[24] ECF 41-1 at Section N.

[25] *Huard v. Henry*, 2010 VT 43, ₽ 11, 188 Vt. 540, 999 A.2d 1264 (mem.).

[26] ECF 41-1 at Section N.

[27] *In re Verderber*, 173 Vt. 612, 615, 795 A.2d 1157, 1161 (Vt. 2002).

[28] *In re Cole*, 184 Vt. 64, 73, 954 A.2d 1307, 1313 (Vt. 2008).

[29] *Sutton v. Purzycki*, 217 Vt. 326, 347, 295 A.3d 377, 392 (Vt. 2022) (*citing Southwick v. City of Rutland*, 190 Vt. 324, 327, 30 A.3d 1298, 1300 (Vt. 2011)).

declare its interpretation of the contract as a matter of law.[30] If the language is ambiguous, the proper interpretation of the disputed terms is a factual issue for the court to resolve.[31]

VSAC's claim for attorney fees stems from Subsection (I)(4) and Section J of the Credit Agreements. VSAC correctly argues, and Debtor does not dispute, that an event of default occurred under Subsection (I)(4) when Debtor filed for bankruptcy. VSAC and Debtor agree that if the student loan entered a status of default, Debtor would be liable for reasonable attorney fees and costs under Section J. However, VSAC and Debtor disagree about the meaning of the language in the Credit Agreements which states if an event of default occurs "*at your option* this Loan will be in default." When considering that language within the context of the Credit Agreements in their entirety, the plain language requires VSAC to affirmatively exercise its option to declare the student loan in default before being entitled to collect attorney fees and costs.

The Credit Agreements' plain language grants VSAC the option to consider the student loan in default such that a default does not automatically arise because of the mere occurrence of an event of default. VSAC must exercise its option. The accepted plain meaning of an "option" is a right which must be exercised. The Black's Law Dictionary defines "option" as "The right or power to choose"[32] Miriam-Webster likewise defines "option" as "the right or power to choose."[33] The plain language of the Credit Agreements cuts against VSAC's position that a default automatically occurred upon Debtor's filing of her bankruptcy petition.

When looking at this language within the context of the Credit Agreements as a whole, other provisions in the Credit Agreements support VSAC's need to affirmatively choose to place

---

[30] *Constr. Drilling, Inc. v. Engineers Constr., Inc.*, 212 Vt. 323, 329, 236 A.3d 193, 198 (Vt. 2020).

[31] *Id.*

[32] *Option*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[33] *Option*, MIRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/option [https://perma.cc/HV45-EHY6] (last visited Nov. 5, 2025).

6

Debtor's student loan in default prior to being entitled to default remedies.[34] Those provisions do not require an intermediate step. By way of example, Subsection (F)(2) provides "During any Forbearance Period, I may make additional payments of interest or principal above what may be required as a condition of my Forbearance. *You will* add any interest that I do not pay during a Forbearance Period to the principal balance of my loan."[35] Under the plain meaning of this provision, VSAC would automatically assess any interest that was not paid during a forbearance period. In addition, Section G provides "if any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, *I will* pay a late payment fee of 6% of the payment due."[36] Under the plain meaning of this provision, VSAC would automatically assess a late fee if payment were not received within 15 days of the due date.

Consequences of default are similarly automatic. Section I provides "If I default, *this will* be reported to national credit bureau organizations."[37] Section J provides (as relevant here) "If I default on this Loan, *I will* pay reasonable collection fees and costs, court costs, and attorney fees."[38]

When reviewing the plain language of the Credit Agreements' Default provisions relied upon by VSAC in its Application, the Court holds the Credit Agreements unambiguously require VSAC to affirmatively exercise its option to declare the loan in default. The occurrence of one or more of the delineated events of default does not automatically place Debtor in default of her student loans. Rather, VSAC has the right or the power to choose whether the loan is in default

---

[34] *See Cole,* 2008 Vt 58, ⁋ 19, 184 Vt. 64, 954 A.2d 1307 ("[C]ontract provisions must be viewed in their entirety and read together." (quotation omitted)).

[35] ECF 41-1 at Subsection (F)(2) [Emphasis added].

[36] ECF 41-1 at Section G [Emphasis added].

[37] ECF 41-1 at Section I [Emphasis added].

[38] ECF 41-1 at Section J [Emphasis added].

and must do so before being entitled to recover default remedies.

To recover attorney fees and costs, the default remedies in Section J of the Credit Agreements must be triggered. VSAC must demonstrate it exercised the option to place Debtor's student loan in default status to trigger those remedies. The Application fails to present any evidence that VSAC chose to exercise its option. The Application simply notes Debtor's bankruptcy filing created an event of default, and that attorney fees are available as a remedy for default, but does not address whether VSAC exercised the option arising under Section I.[39]

At the hearing on September 30, 2025, Debtor argued she was never notified of any default on her student loans, and offered evidence that VSAC continued to accept regular monthly payments as evidence the loan was not in default.[40] When asked directly to address whether the loan was in default, VSAC's counsel refused to acknowledge VSAC has placed Debtor's student loans in default status. Rather, counsel merely reiterated that the bankruptcy filing constituted an event of default, then argued it would not be beneficial to Debtor for VSAC to refuse monthly payments. To solidify this argument, VSAC rhetorically asked "would you rather [Debtor] were in default?"[41] VSAC produced no evidence it affirmatively exercised its option to place Debtor's student loans in default, which is required under the plain language of the Credit Agreements to trigger the default remedies which include attorney fees and costs. Accordingly, VSAC's Application for attorney fees and costs is DENIED in its entirety.

---

[39] ECF 42 at ¶ 24.

[40] Audio Recording of Hearing, Sept. 30, 2025, at 15:01-16:16. The Court takes no position on Debtor's arguments regarding the acceptance of regular payments. Acceleration of the debt was another optional remedy for default, and even if the loan was in default VSAC would be entitled to decline their option to accelerate and continue accepting regular monthly payments. See ECF 41-1 at Section I.

[41] Audio Recording of Hearing, Sept. 30, 2025, at 16:37-17:08.

8

**Conclusion**

Upon consideration of the record and for the reasons described above, the Court holds that the plain language of the Credit Agreements requires VSAC to affirmatively exercise its option to declare Debtor's student loans to be in default. Absent such an affirmative step, the default remedies under the Credit Agreements do not apply. The Court finds VSAC has failed to demonstrate it affirmatively exercised its option under the Credit Agreements to place Debtor's student loan in a default status. Accordingly, VSAC's Application for attorney fees and costs as a default remedy is denied.

This constitutes the Court's findings of fact and conclusions of law. A separate order will issue.

November 6, 2025  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge